IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL MARTINEZ,

        Plaintiff,

vs.                                            No. 1:17-CV-01133-KRS

ANDREW SAUL, Commissioner of
Social Security,[1]

        Defendant.

## ORDER DENYING § 406(b) ATTORNEY FEES

THIS MATTER comes before the Court upon Plaintiff's motion captioned as a "Petition for Determination of Attorney's Fees Pursuant to 42 USC 406(b)" filed on February 10, 2021. (Doc. 34). The Commissioner of Social Security takes no position on the motion. (*See* Doc. 35). Plaintiff filed a reply brief on February 16, 2021. (Doc. 36). Having considered the relevant filings, the Court finds that the motion is not well-taken and should be denied.

### I. BACKGROUND

On May 9, 2018, Plaintiff filed his Motion to Reverse or Remand in this proceeding. (Doc. 22). In lieu of filing a responsive brief, the Commissioner filed an Unopposed Motion to Remand for Further Administrative Proceedings on July 2, 2018. (Doc. 27). The Court granted the Commissioner's motion the next day. (Doc. 28). The Court later awarded Plaintiff's counsel Equal Access to Justice Act ("EAJA") fees in the amount of $5,496.30. (Doc. 33).

On remand, the Commissioner issued a January 21, 2020 decision finding Plaintiff to be disabled. (Doc. 34 Ex. 1 at 4-9). In a "Notice of Award" which followed on February 19, 2020, the Commissioner awarded Plaintiff approximately $106,820 in past-due benefits. (*See* Doc. 34

---

[1] Andrew Saul is substituted as Commissioner of the Social Security Administration by operation of FED. R. CIV. P. 25(d).

Ex. 2 at 4); (*see also* Doc. 34 at 6). The Commissioner withheld $26,705.00—twenty-five percent (25%) of the approximate award—to cover potential attorney fees. (Doc. 34 Ex. 2 at 4).

Meanwhile, Plaintiff pursued an award of attorney fees pursuant to 42 U.S.C. § 406(a), which governs fee awards for the representation of claimants in administrative proceedings before the Commissioner. On January 21, 2020, the administrative law judge ("ALJ") considering Plaintiff's claims rejected the fee agreement between Plaintiff and his attorney, finding that the agreement allowed for payment of fees in excess of that allowed under § 406(a). (*See* Doc. 34 Ex. 1 at 10-11). Plaintiff's counsel subsequently submitted a fee petition to the ALJ seeking a § 406(a) award of 25% of Plaintiff's awarded benefits. (Doc. 34 Ex. 3). The ALJ thereafter authorized Plaintiff's attorney to collect a fee of $10,000 pursuant to § 406(a) for representation of his client in proceedings before the Commissioner. (Doc. 34 Ex. 4).[2] The ALJ declined to recommend a higher fee award under that provision as Plaintiff requested. (*See id.*). In July 2020, Plaintiff's counsel submitted a letter to the Regional Chief ALJ objecting to the ALJ's decision and again seeking full payout of the withheld 25% of Plaintiff's benefits. (*See* Doc. 34 Ex. 5). On September 22, 2020, Plaintiff's counsel sent a letter to the Regional Chief ALJ "follow[ing] up on the [§ 406(a)] fee petition and fee petition appeal." (*See* Doc. 34 Ex. 6). Plaintiff's counsel has apparently received no direct response to these communications.

On February 6, 2021, the Commissioner sent a "Request for Evidence" to Plaintiff. (*See* Doc. 34 Ex. 7). In this document, the Commissioner stated that he continues to withhold the remaining balance of the 25% of Plaintiff's award of past-due benefits, but he also noted that he has not yet received an order from this Court concerning any fee motion under 42 U.S.C.

---

[2] The Court notes that the amount awarded to counsel is in excess of the presumptive cap provided by statute, which generally limits the recovery of § 406(a) fees to the lesser of 25% of past-due benefits or $6,000. *See Culbertson v. Berryhill*, ___ U.S. ___, 139 S.Ct. 517, 520 (2019) (citing, *e.g.*, 42 U.S.C. § 406(a)(2)(A)); *see also* 42 U.S.C. § 406(a)(3). The record reflects that Plaintiff's counsel has collected the approved $10,000 fee. (Doc. 34 Ex. 7 at 1).

2

§ 406(b), which governs fees for the representation of Social Security Act claimants in judicial proceedings. (*See id.*). As such, the Commissioner requested a response from Plaintiff stating whether he had filed a motion under § 406(b) before this Court. (*See id.*).

Pursuant to the instant motion filed February 10, 2021, Plaintiff now seeks a § 406(b) fee award of $16,705.00—the difference between the withheld 25% of Plaintiff's past-due benefits and the $10,000.00 previously awarded by the Commissioner under § 406(a). (*See* Doc. 34).

## II. LEGAL STANDARDS

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart*, 450 F.3d 493, 495 (10th Cir. 2006) (holding that fees may be awarded under 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits"). "The tenor of [§] 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Shultz v. Saul*, No. 1:16-cv-80 LF, 2020 WL 5645697, at *2 (D.N.M. Sept. 22, 2020) (quotation omitted). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney generally must refund the lesser award to the claimant. *See id.* at 934.

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable. *Id.* at 807. Importantly, there is no

presumption that a fee equal to or below the 25% cap is reasonable. *Id.* at 807 n.17. Rather, it is simply a congressionally created "boundary line," and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. To determine reasonableness, courts consider factors including (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. at 808.

The Tenth Circuit has also held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505. "Requiring attorneys to file under [§] 406(b) in a reasonably timely fashion serves [the statute's] interests by providing a flexible mechanism to enable attorneys to file fee applications while seeking to ensure that money rightfully due the claimant is not needlessly withheld for an excessive amount of time." *Vasquez v. Berryhill*, No. 14-cv-903 KK, 2018 WL 4685567, at *3 (D.N.M. Sept. 28, 2018) (quotation omitted). Although earlier events may also suffice, it is within the Court's discretion to use "the issuance of the Notice of Award as the 'triggering event' in deciding whether the § 406(b)(1) fee motion was filed within a reasonable time." *Early v. Astrue*, 295 F. App'x 916, 919 (10th Cir. 2008) (unpublished) (citing *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006)); *see also, e.g.*, *Key v. Saul*, No. 17-cv-386 KWR/GBW, 2020 WL 7090535, at *3 (D.N.M. Dec. 4, 2020) (citing *Early*, 295 F. App'x at 918) (measuring reasonableness of time from issuance of Notice of Award), *R&R adopted,* 2021 WL 39664 (D.N.M. Jan. 4, 2021); *Shultz*, 2020 WL 5645697, at *3 (citing *Early*, 295 F. App'x at 919) (same).

### III. DISCUSSION

Here, the Court finds that the motion for attorney fees under § 406(b) was not filed within a reasonable time of the Commissioner's award of benefits and that Plaintiff himself has been prejudiced by this delay. For these reasons, Plaintiff's motion is due to be denied, and the Court does not reach the reasonableness of the requested fee amount under the *Gisbrecht* factors.

While the reasonableness of the time for filing a § 406(b) motion under the *McGraw* standard is context-dependent, courts have denied relief where the gap between the awarding of benefits and the filing of the motion was thirteen months, *see Early*, 295 F. App'x at 919 (affirming district court denial of motion); *Vasquez*, 2018 WL 4685567, at *3-4; or even nine months, *see Schmidt v. Colvin*, No. 11-cv-2372 SAC, 2014 WL 2207973, at *2 (D. Kan. May 28, 2014). By contrast, courts have (with occasional reservations) approved motions filed by claimants approximately six months after receipt of a notice of benefits, *see Archuleta v. Saul*, No. 1:17-cv-546 KRS, 2020 WL 6448140, at *2 n.2 (D.N.M. Nov. 3, 2020) (noting delay, but declining to find timing unreasonable "under the circumstances"); or even eight months later, *see Shultz*, 2020 WL 5645697, at *4 (suggesting delay was unreasonable, but granting award of fees where claimant not prejudiced). More commonly, no more than a few months will pass between a claimant's award of benefits and his filing of a § 406(b) motion, and courts routinely grant motions under those circumstances. *See, e.g.*, *Nevarez v. Berryhill*, No. 15-cv-20 LAM, 2017 WL 3602020 (D.N.M. Feb. 24, 2017) (three months); *Montalvo v. Colvin*, No. 14-cv-493 LAM, 2016 WL 9724832 (D.N.M. Nov. 21, 2016) (two and a half months); *Correa v. Colvin*, No. 13-cv-377 WJ/LAM, 2016 WL 10588077 (D.N.M. Mar. 30, 2016) (less than one month); *Daubenshcmidt v. Colvin*, No. 12-cv-1222 JCH/LAM, 2015 WL 13651017 (D.N.M. Aug. 17, 2015), *R&R adopted*, 2015 WL 13651267 (D.N.M. Sept. 9, 2015) (two and a half months).

In this case, the most generous reading of the record shows a delay of almost *one year* between the issuance of a Notice of Award to Plaintiff on February 19, 2020, and the filing of the instant motion on February 10, 2021.³ This period of time is well outside the usual several-month gap between an award of benefits and a request for attorney fees under § 406(b), and it is consistent with delays found in cases where courts have declined to award fees. *See Early*, 295 F. App'x at 919; *Vasquez*, 2018 WL 4685567, at *3-4; *Schmidt*, 2014 WL 2207973, at *2. Moreover, Plaintiff has not brought any decisions to the Court's attention in which an almost one-year delay in filing a § 406(b) motion was deemed to be reasonable. Nevertheless, the Court looks to the record before it to determine whether the timing of Plaintiff's filing might otherwise have been justified under the circumstances of this case.

Plaintiff appears to suggest that his delay was reasonable because his attorney spent much of the past year separately pursuing an award of fees at the agency level pursuant to § 406(a). (*See* Doc. 34 at 2, 4); (Doc. 36 at 2). Such an argument is without merit because, as the Supreme Court clarified two years ago, the Social Security Act "does not make the fees available to [a claimant] under [§] 406(b) dependent on the fees awarded to her under [§] 406(a)." *See Shultz*, 2020 WL 5645697, at *3 (citing *Culbertson v. Berryhill*, ___ U.S. ___, 139 S.Ct. 517, 521-23 (2019)). And in an earlier unpublished decision that is only more persuasive in light of *Culbertson*'s holding that § 406(b) fee awards are independent of § 406(a) fee awards, the Tenth Circuit has previously rejected "the proposition that a district court must wait until the agency has paid out the § 406(a) fees before it may enter an order on § 406(b)(1) fees." *See Early*, 295 F. App'x at 919 (affirming denial of § 406(b) motion on untimeliness grounds). Because precedent

---

³ This delay exceeds one year when measured from January 21, 2020, the date that the Commissioner issued a fully favorable decision and notified Plaintiff of that decision. (*See* Doc. 34 Ex. 1 at 1-9). Nonetheless, to give Plaintiff the benefit of the doubt, the Court considers the Notice of Award to be the "triggering event" for *McGraw* purposes. *See Early*, 295 F. App'x at 919.

provides that "the fee motion 'should be filed within a reasonable time of the Commissioner's *decision awarding benefits*[,]' not within a reasonable time of the *payment* of benefits," counsel's pursuit of fees from the agency under § 406(a) in no way relieved him of his obligation to file a timely § 406(b) motion and in no way justified his delay in doing so. *See id.* (quoting *McGraw*, 450 F.3d at 505) (internal quotation omitted) (emphasis in *Early*).

Beyond his pursuit of § 406(a) fees, Plaintiff cites (and the Court can ascertain) no reason for the almost one-year delay between his receipt of notice of his award and counsel's filing of the instant motion. On this record, then, the Court sees no basis for concluding that Plaintiff filed his motion within a "reasonable time" as required under Tenth Circuit jurisprudence. *See McGraw*, 450 F.3d at 505. These facts alone counsel against the granting of Plaintiff's motion.

Perhaps more importantly, counsel's delay in bringing this motion has been adversely consequential for Plaintiff himself. Again, the funds at issue here are not presumptively owed to counsel. *See Shultz*, 2020 WL 5645697, at *2 (observing that § 406(b) is "permissive rather than mandatory"). Rather, it must be remembered that this money is *Plaintiff's* money, withheld by the Commissioner from the award of past-due benefits owed to Plaintiff himself. Counsel's delay in bringing a § 406(b) motion has deprived Plaintiff of funds which he might have otherwise received—for instance, if this motion were denied on other grounds, or if the Court were to reduce the award sought by this motion—for almost an entire year. *See, e.g.*, *Schmidt*, 2014 WL 2207973, at *2 (finding that if motion were granted, "Plaintiff [would] receive any sum remaining after [counsel's] fee award is deducted" from withheld sums). Similarly, because there is no indication that his earlier award of EAJA fees was offset by any mandatory deductions, Plaintiff would generally be entitled to a full refund of those EAJA fees if relief were granted under this motion. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). That refund, too, has been stalled by counsel's failure to file this § 406(b) motion in a timely manner. *Cf. Shultz*,

2020 WL 5645697, at *4 (awarding § 406(b) fees where claimant would not receive refund of EAJA fees and was therefore not prejudiced by delay). In either case, "counsel's delay in filing his fee application [has] postponed plaintiff's receipt of the full award of past-due benefits to which he is entitled." *See Schmidt*, 2014 WL 2207973, at *2. An award of fees under these circumstances would therefore defeat the purpose of the timeliness requirement to "ensure that money rightfully due the claimant is not needlessly withheld for an excessive amount of time." *See Vasquez*, 2018 WL 4685567, at *3.

Plaintiff's counsel has received fee awards pursuant to both EAJA and § 406(a).[4] However, counsel did not submit Plaintiff's § 406(b) motion to this Court within a reasonable time, and he has not identified a valid reason for failing to do so. As a result, counsel has deprived his client of the timely receipt of funds owed to him. "Under the circumstances of the case before the court, counsel simply waited too long to file his application and must therefore forfeit" any additional fee award under § 406(b). *Schmidt*, 2014 WL 2207973, at *2 (citation omitted). Accordingly, the Court concludes that Plaintiff's motion for attorney fees is due to be denied. *See, e.g.*, *Early*, 295 F. App'x at 918-19; *McGraw*, 450 F.3d at 505.

### IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Petition for Determination of Attorney's Fees Pursuant to 42 USC 406(b)" (Doc. 34) is **DENIED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Because the Court denies the present motion, this Order does not require Plaintiff's counsel to refund the previously awarded EAJA fees to his client. Likewise, nothing in this Order precludes Plaintiff from continuing any ongoing efforts to seek a greater fee award from the Commissioner under § 406(a). *See Culbertson*, 139 S.Ct. at 521-23 (recognizing independence of § 406(a) fee awards and § 406(b) fee awards).